UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN THE MATTER OF:              )
                               )   No. 1:18-mc-00033-JMS-TAB
JOHN H. DAVIS                  )

# ORDER

This matter is before the Court on Respondent John H. Davis's Motion to Reconsider Order Imposing Discipline ("Motion to Reconsider") [Filing No. 10]. Respondent contends this Court improperly imposed reciprocal attorney discipline against him. For the reasons set forth below, the Court denies Respondent's Motion.

## I.
### LEGAL STANDARD

The Court examines a motion to reconsider as one to alter or amend judgment under Fed. R. Civ. P. 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009).[1] Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Childress v. Walker*, 787 F.3d 433, 442 (7th Cir. 2015) (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). It

---

[1] The Local Rules of Disciplinary Enforcement for the Southern District of Indiana do not provide for the application of the Federal Rules of Civil Procedure to attorney discipline proceedings. For the sake of this case only, the Court assumes without deciding that a motion to reconsider is permissible in an attorney discipline case.

is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier. *See Foster*, 545 F.3d at 584.

## II.
### BACKGROUND

On May 29, 2018, the United States Court of Appeals for the Seventh Circuit removed Respondent from its roll of attorneys. *In re Davis*, No. 17-1732, Dkt. No. 76 (7th Cir. May 29, 2018) (unpublished order imposing discipline). The disciplinary action arose from Respondent's conduct in a district court case, *Davis v. Alabama Department of Human Resources*, No. 2:16-cv-00120-PPS-PRC, 2017 WL 930649 (N.D. Ind. Mar. 9, 2017) (dismissing complaint for failure to comply with Federal Rules of Civil Procedure 8 and 10), and from Respondent's conduct in his appeal of that decision, *Davis v. Anderson*, 718 Fed. Appx. 420 (7th Cir. 2017) (unpublished order affirming district court's dismissal and ordering Respondent to show cause why he should not be removed from the roll of attorneys), *reh'g and reh'g en banc denied, motion to file untimely cert. petition denied*.

In its order imposing discipline, the Seventh Circuit pointed to Respondent's excessively voluminous filings in the district court (including a 165-page *amended* complaint with 429 pages of exhibits), his questionable representation of his ex-wife and estranged adult son in the case, and his frivolous appellate arguments. The court declared, "Our main concern was that the quality of Davis's work fell far below the standards expected of members of this court's bar." *In re Davis*, No. 17-1732, Dkt. No. 76 at 2. Finding that Respondent failed to comply with court rules and that he cannot adequately represent his own or his clients' interests, the Seventh Circuit concluded Respondent's conduct warranted discipline pursuant to Federal Rules of Appellate Procedure 46(b) and (c) (providing in relevant part that a "court of appeals may discipline an attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with any court

2

rule"). Accordingly, the court ordered that Respondent be removed from the roll of attorneys admitted to practice before it.[2]

On July 11, 2018, in response to the discipline imposed by the Seventh Circuit and after affording Respondent notice and an opportunity to be heard, this Court issued an Order Imposing Discipline against Respondent, reciprocally removing Respondent from this Court's roll of attorneys. [Filing No. 7.] Rule II of the Local Rules of Disciplinary Enforcement for the Southern District of Indiana provides that, upon receipt of an order by another court publicly disciplining an attorney and after providing the attorney notice and an opportunity to be heard,

> this Court *shall* impose the identical discipline unless the respondent-attorney demonstrates, or this Court finds, that upon the face of the record upon which the discipline in another jurisdiction is predicated it clearly appears:
>
> 1. that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> 2. that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject; or
>
> 3. that the imposition of the same discipline by this Court would result in grave injustice; or
>
> 4. that the misconduct established is deemed by this Court to warrant substantially different discipline.

S.D. Ind. L. R. Disc. II. D. (emphasis added).[3] In its order of discipline, this Court observed that Respondent failed to substantively address (or even reference) the four considerations

---

[2] Prior to imposing discipline against Respondent, the Seventh Circuit forwarded a copy of its show cause order to the Indiana Supreme Court Disciplinary Commission, which concluded that Davis's representation of others in the case did not violate the Indiana Rules of Professional Conduct. The Commission expressed no opinion on Davis's violation of court rules and instructions. *See In re Davis*, No. 17-1732, Dkt. No. 76 at 2. However, on October 25, 2018, in response to the Seventh Circuit's order imposing discipline, the Indiana Supreme Court suspended Respondent from the practice of law in Indiana for 30 days. *In the Matter of John H. Davis*, 108 N.E.3d 894 (Ind. 2018).

[3] Local Rules of Disciplinary Enforcement for the Southern District of Indiana were amended on December 1, 2018. The Rules in effect at the time of the Court's disciplinary order apply here.

3

in S.D. Ind. L. R. Disc. II. D in his response to our Order to Show Cause. [Filing No. 7 at 3].

### III.
#### DISCUSSION

Respondent now contends this Court should revisit its decision because

> upon the face of the record upon which the discipline in another jurisdiction is predicated, it clearly appears that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; and that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final, the conclusion on that subject; and that the imposition of the same discipline by this Court would result in grave injustice.

[Filing No. 10 at 17 (quoting without citation S.D. Ind. L. R. Disc. II. D.)] In other words, Respondent now makes arguments that he should have made in response to the show cause order. But a Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010) (quoting *Bordelon v. Chicago Sch. Reform Bd. Of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)). Respondent's argument belatedly addressing the considerations of S.D. Ind. L. R. Disc. II. D. is unavailing.

Although this conclusion is sufficient to sustain the denial of Respondent's Motion to Reconsider, the Court will briefly address Respondent's arguments that the Seventh Circuit's decision deprived him of due process and is unsupported by the evidence.

Respondent's due process argument is difficult to discern. He appears to contend that he was deprived of due process because he was given "no notice or opportunity to be heard under Rule 11 by the Clerk of the Court to correct any pleadings before the Show Cause Order was issued . . . [and] this Order was issued after Oral Argument had taken place." [Filing No. 10 at 13.]

4

Respondent appears to conflate the trial court's dismissal in *Davis v. Alabama Department of Human Resources* and his appeal of that dismissal in *Davis v. Anderson* with the Seventh Circuit's action imposing discipline in *In re Davis*. Regardless, the public record reflects that Respondent received due process in each instance.

In *Alabama Department of Human Resources* the trial court gave Respondent leave to amend his complaint to correct defects. After the trial court dismissed the amended complaint, Respondent exercised his right to appeal in *Davis v. Anderson*. There, Respondent was heard through briefing, oral argument before a panel of three Seventh Circuit Court of Appeals judges, a petition for rehearing and rehearing *en banc*, and a motion asking the United States Supreme Court to accept an untimely petition for certiorari. With respect to the Seventh Circuit's disciplinary action in *In re Davis*, Respondent received notice of the possible discipline when the court ordered him to show cause in its *Davis v. Anderson* opinion. *See* [718 Fed. Appx. at *425]. Respondent was heard through his written response, which the Seventh Circuit considered before imposing discipline, as well as his motion to reconsider the discipline after it was imposed. The record in this case clearly demonstrates that Respondent received due process at every juncture.

Respondent also asserts that he "feels that there is no conduct by Respondent which is supported by the record which warrants such discipline." [Filing No. 10 at 16.] Respondent does not dispute that his original complaint in the district court spanned 574 pages and was supplemented by 429 pages of exhibits. He also does not dispute that he filed an amended complaint of 165 pages (with the same 429 pages of exhibits) *after* the trial court struck his first complaint and instructed him to avoid the "kitchen sink" approach. *See In re Davis*, No. 17-1732, Dkt. No. 76 at 2. Instead, Respondent contends on reconsideration exactly what he contended in the appellate court: that his amended complaint complied with the rules and was improperly

dismissed. [Filing No. 10 at 14.] The Seventh Circuit rejected this argument, and this Court finds no infirmity of proof to support that decision.

Indeed, Respondent's conduct in this Court lends further support to the Seventh Circuit's concerns about his competence as a lawyer. When responding to this Court's order to show cause, Respondent manually filed a pleading with no citations and CD-ROMs containing hundreds upon hundreds of pages of additional documents, and he did so despite this Court's requirement for electronic filing. Now, responding to this Court's imposition of reciprocal discipline, Respondent has filed an 18-page Motion to Reconsider accompanied by 41 pages of exhibits. Respondent used the first nine pages of his Motion to describe how his computer problems made it difficult for him to properly respond to the Court's order to show cause. In pages 10-18 of his Motion, Respondent argues that the Seventh Circuit's conclusion is unsupported by evidence, an argument we rejected above. For one full page of that argument, respondent defines "a few words" thinking "that it would be helpful." [Filing No. 10 at 10-11]. Among the 13 defined words are "order," "conduct," "conclude," and "adequately."

The Court finds Respondent's filings in this case gravely deficient and agrees with the Seventh Circuit's conclusion that Respondent "cannot adequately represent his own interests, let alone those of his clients." *In re Davis*, No. 17-1732, Dkt. No. 76 at 3.

### IV.
#### CONCLUSION

For the foregoing reasons, Respondent's Motion to Reconsider, [Filing No. 10], is **DENIED**.

For the Court,

Date: 12/12/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

John H. Davis
5201 Broadway, Suite 205
Merrillville, IN 46410

Clerk, U.S. District Court Southern District of Indiana

Clerk, U.S. Bankruptcy Court